UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PHILLIP MICHAEL KNOX,                                   CIVIL NO. 05-908 (MJD/JSM)

    Petitioner,

v.                                                      **AMENDED** REPORT AND RECOMMENDATION

Warden ROBERT FENEIS,
MCF/Rush City Correctional,
Commissioner of Corrections
JOAN FABIAN, and Minnesota
Attorney General MIKE HATCH,

    Respondents.

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254 [Docket Nos. 1, 4]. Respondents have filed an Answer to the Petition for Writ of Habeas Corpus [Docket Nos. 9, 10]. This matter was decided on the written submissions of the parties.

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c).

This Amended Report and Recommendation supersedes the Report and Recommendation dated August 28, 2006. The changes are indicated in **bold** writing.

**I.**    **BACKGROUND**

On February 14, 2002, a jury convicted petitioner of Murder in the Second Degree Murder While Committing First Degree Assault. Petitioner was sentenced to

1

180 months in prison, and is presently serving his sentence at the Minnesota Correctional Facility at Rush City, Minnesota.

Following his conviction, petitioner filed a direct appeal with the Minnesota Court of Appeals, in which he argued that the evidence was insufficient as a matter of law to enable a rational fact-finder to find, beyond a reasonable doubt, that his actions were not justified by self-defense. See App. to State's Mem., Ex. B, at 2. In a pro se brief to the Minnesota Court of Appeals, petitioner also argued that he was denied his right to due process because the jury was not instructed on a "third verdict" of "hung jury" and that the evidence did not support his conviction for second-degree intentional murder. Id. Exs. D, E. On July 8, 2003, the Court of Appeals concluded that the state met its burden to disprove beyond a reasonable doubt petitioner's claim of self-defense and that claims raised by petitioner in his pro se brief were without merit. See State v. Knox, No. CX-02-1276, 2003 WL 21524806, at *1, 5 (Minn. Ct. App. July 8, 2003). On September 16, 2003, the Minnesota Supreme Court denied review. See Knox v. State, No. A04-1153, 2005 WL 406285, at *1 (Minn. Ct. App. Feb. 22, 2005).

On March 11, 2004, petitioner filed a Petition for Post-Conviction Relief with District Court. See App. to State's Mem., Ex. G. Petitioner argued that there was insufficient evidence for his conviction and his trial counsel was ineffective. Id.; Ex. J. On May 27, 2004, the district court denied petitioner's motion for post-conviction relief. See App. to State's Mem., Ex. J. On February 22, 2005, the Minnesota Court of Appeals affirmed the district court decision. Knox v. State, No. A04-1153, 2005 WL 406285, at *1 (Minn. Ct. App. Feb. 22, 2005). Petitioner did not seek further review of

his petition for post-conviction relief to the Minnesota Supreme Court. See App. to State's Mem., Ex. O.

On May 10, 2005, petitioner filed his original federal habeas corpus petition. On June 9, 2005, petitioner filed an amended petition, which listed the following grounds for relief:

(1) the State presented evidence to the jury consistent with First Degree Manslaughter and not that of Second Degree Murder;

(2) the State withheld evidence of the victim's past which would have been favorable to petitioner's belief that he was in reasonable fear for his life;

(3) ineffective assistance of trial counsel;

(4) ineffective assistance of appellate counsel on the direct appeal, as evidenced by counsel's failure to inform petitioner that he had 90 days to file with the United States Supreme Court a Notice of Writ of Certiorari or to file the Notice on his behalf.

Am. Petition, at 5-6.

In response to petitioner's application for a writ of habeas corpus, respondents conceded that petitioner had exhausted the first ground of his Petition—i.e. the sufficiency of evidence to support his conviction of Second Degree Murder. However, respondents argued that petitioner's other claims were not exhausted, and therefore, petitioner's suit should be dismissed without prejudice. Specifically, respondents contended that petitioner's claim of ineffective assistance of trial counsel was not exhausted because, while the issue had been raised in his petition for post-conviction relief and subsequent appeal to the Minnesota Court of Appeals, petitioner failed to file a petition for review with the Minnesota Supreme Court after the Court of Appeals denied his appeal. Resp't Mem., at 4. As to petitioner's claims of withholding of

3

evidence and ineffective assistance of appellate counsel, respondents maintained that these claims were not exhausted because petitioner failed to raise them in state court at any stage of the proceedings. Id. at 4-5. Consequently, as petitioner has submitted a petition containing both exhausted and unexhausted claims, respondents requested that this Court dismiss the petition without prejudice pursuant to Rose v. Lundy, 455 U.S. 509 (1982). Id. at 5.

## II. DISCUSSION

It is well-established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners. O'Sullivan, 526 U.S. at 844; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

To exhaust state court remedies, a prisoner must fairly present his constitutional claims to the highest available state court before seeking relief in federal court. O'Sullivan, 526 U.S. at 845; Duncan, 513 U.S. at 365-66. See also McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court"). Furthermore, a habeas petitioner must exhaust his state court remedies with respect to all of the claims that he wishes to raise in a

federal habeas corpus petition. A "mixed petition"—i.e., one that includes both exhausted and unexhausted claims—will be dismissed for non-exhaustion. Rose, 455 U.S. at 510, 522.

In this case, it is undisputed that petitioner has exhausted his sufficiency of the evidence claim, the first ground of his Petition. However, the record shows that petitioner has not exhausted in state court his claims related to alleged withholding of evidence, ineffective assistance of trial counsel, and ineffective assistance of appellate counsel. Because petitioner has not fairly presented all of his current claims for relief to the state courts, he has not satisfied the exhaustion of state court remedies requirement. The question therefore, is what to do in this situation?

If this Court believed that there was a state court remedy that might still be available for petitioner's unexhausted claims of withholding of evidence, ineffective assistance of trial counsel, and ineffective assistance of appellate counsel—namely a motion for post-conviction relief brought under Minn. Stat. § 590.01—this Court would give petitioner the opportunity to return to the state courts to pursue these claims and let those courts decide which (if any) of his unexhausted federal constitutional claims could still be heard and decided on the merits in state court, and which claims are barred by the state's procedural rules. However, when a prisoner has not exhausted his state court remedies with respect to some particular claim, and state procedural rules preclude any further attempts to satisfy the exhaustion requirement as to that claim, then the claim has been procedurally defaulted, and there is no point in giving the petitioner the opportunity to return to state court. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). This is because such claims cannot be entertained in a future federal

habeas proceeding, except upon a showing by petitioner of sufficient "cause and prejudice" to excuse his procedural default, or in the alternative, that there would be a "fundamental miscarriage of justice" if the federal court declined to consider the claim. Id. at 757. See also Jones v. Jerrison, 20 F.3d 849, 853 (8th Cir. 1994), ("[f]ederal courts will not review a procedurally defaulted claim because 'a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance'") (quoting Coleman, 501 U.S. at 732).

### A. Grounds 2-4 Are Procedurally Defaulted

This Court concludes that permitting petitioner to return to state court to pursue his unexhausted claims would be futile for several reasons. First, petitioner's withholding of evidence claim is procedurally defaulted under state law because it was not previously raised on direct appeal or in a post-conviction motion, and there is no reason it could not have been pursued in these proceedings. "Minnesota law provides that once the petitioner has directly appealed his sentence 'all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief.'" McCall, 114 F.3d at 757 (citing State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976)); Roby v. State, 531 N.W.2d 482, 484 (Minn. 1995); see also Shmelev v. Dingle, No. 03-3315 (JRT/SRN), 2005 WL 388608, at *2 (D. Minn. Feb. 11, 2005) (citations omitted) ("Minnesota law provides that once a prisoner has completed his direct appeal, he is precluded from litigating any other claims that could have been raised on appeal."). Thus, under Minnesota's procedural rules, petitioner will be barred from bringing this claim in a new state post-conviction proceeding.

6

Second, while petitioner raised the claim of ineffective trial counsel in his petition for post-conviction relief with both the trial court and appellate court, he failed to timely appeal the denial of that claim to the highest court of the state, the Minnesota Supreme Court.[1]  Therefore, this claim is procedurally defaulted, as well.

Third, petitioner's claim of ineffective appellate counsel was appropriate to bring in a post-conviction relief petition.  However, petitioner has already filed one post-conviction petition.  Petitioner is barred from raising this issue again in another post-conviction relief petition, because he should have known at the time he filed his motion for post-conviction relief in 2004 that his appellate counsel for the direct appeal had failed to make a timely appeal to the United States Supreme Court.

Consequently, this Court finds that petitioner's claims of withholding of evidence, and ineffective trial and appellate counsel are procedurally barred.  Thus, the only remaining issue with regards to these claims is whether petitioner has shown cause and prejudice, or actual innocence, to excuse his procedural default.

In order to satisfy the "cause" requirement, a prisoner must show that some external impediment prevented him from presenting his claims to the state's highest court in a procedurally proper manner.  <u>Coleman</u>, 501 U.S. at 753  ("'cause' under the cause and prejudice test is something <u>external</u> to the petitioner, something that cannot fairly be attributed to him . . . [f]or example, 'a showing that the factual or legal basis for a claim was not reasonably available... or that some interference by officials made compliance impracticable'") (quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986))

---

[1]  <u>See</u> Minn. R. Crim. Pro. 29.04, subd. 2 ("A party petitioning for review to the Supreme Court from the Court of Appeals shall serve and file the petition for review within 30 days after the filing of the Court of Appeals' decision.").

(emphasis in the original). In this case, the Court finds no external cause for petitioner's procedural default, and he did not give this Court any reasons for failing to exhaust Grounds Two through Four (withholding of evidence, and ineffective trial and appellate counsel) or his petition.[2]

Further, petitioner has offered no new evidence proving that he is, in fact, innocent of the crimes for which he was convicted. As such, petitioner cannot overcome his procedural default by way of the "fundamental miscarriage of justice" (actual innocence) exception. Therefore, this Court recommends that Grounds Two through Four be dismissed with prejudice.

**B.     Legal Sufficiency of the Evidence Presented Against Petitioner**

The only remaining ground for relief is petitioner's insufficiency of the evidence claim (Ground One), which the state agreed has been exhausted. However, after reviewing the record provided by respondents and their responsive memorandum, the Court concludes that it does not have sufficient information to make a decision on this issue. Respondents did not respond substantively to Ground One; instead, they simply relied on arguments made in the state proceedings. See Resp't Mem., at 5. The problem with the respondents' stance is that their arguments in their Brief to the Minnesota Court of Appeals on petitioner's direct appeal focused on his claim of self-defense, and their arguments in response to the Minnesota Court of Appeals on petitioner's Petition for Post-Conviction Relief focused on procedural reasons for barring

---

[2]     Because Petitioner has not satisfied the cause component of the cause and prejudice requirement, it is unnecessary to consider whether he could satisfy the prejudice component. Ashker v. Class, 152 F.3d 863, 871 (8th Cir. 1998) (citations omitted) (when petitioner "has not shown adequate cause to overcome the procedural bar . . . we need not consider the issue of actual prejudice").

petitioner's claim. Neither submission addressed the issue presented by petitioner in his pro se direct appeal to the Minnesota Court of Appeals, in his petition for post-conviction relief, and now in this habeas petition—i.e. whether the evidence was sufficient to support a conviction of Second Degree Murder While Committing First Degree Assault. See App. to State's Mem., Ex. C, L. As such, respondents must now present to this Court the transcripts of the trial and make substantive arguments addressing Ground One of the Petition.

In summary, the Court finds that petitioner's Grounds Two, Three, and Four as detailed in his petition are procedurally barred. Further, the Court finds that Count One of the Petition has been properly exhausted. However, the Court does not have before it a proper record to address this claim or respondents' response to the claim. **Thus, in the event the District Court issues an Order adopting this Report and Recommendation, respondents shall serve and file the trial transcript and their substantive arguments to Ground One within 20 days after the Order issues**.

### III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein, **IT IS RECOMMENDED** that:

1. Grounds Two, Three, and Four of Knox's Application for a Writ of Habeas Corpus [Docket Nos. 1, 4] be **DISMISSED WITH PREJUDICE**.

2. **Within 20 days after the District Court issues an Order adopting this Report and Recommendation, respondents** are ordered to respond to the substance of Ground One of Knox's Petition and to provide the Court with the trial transcript.

Dated:       August 29, 2006


                              *s/ Janie S. Mayeron*
                              JANIE S. MAYERON
                              United States Magistrate Judge


     Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **September 15, 2006** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.